**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN LAYFETTE PITCHFORD EL,<br><br>Plaintiff,<br><br>v.<br><br>YVETTE DENISE WALKER, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-2081<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge Reuben J. Sheperd |

**OPINION AND ORDER**

Plaintiff Juan Layfette Pitchfod El filed this action without a lawyer against his business partner, Yvette Denise Walker, the entity that handles his business banking, JP Morgan Chase Bank, N.A. and Joshua Posante who works there, Registrar Charles L. Norman of the Ohio Bureau of Motor Vehicles, Navy Federal Credit Union, and his landlord, Yvonne Pernell. He contends that Defendants referred to him on corporate documents, bank cards, and on his driver's license as Juan Pitchford rather than as Juan Pitchford El. Plaintiff claims that these actions violate his First, Fourth, Fifth, Sixth, Eighth, and Thirteenth Amendment rights. Also, he asserts claims for the crime of identity theft, and conspiracy under 42 U.S.C. § 1985.

In addition, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2.) Although it appears that Mr. Pitchford El did not make a serious effort to complete this application, he included a declaration under penalty of perjury that he is unemployed, homeless and has no property to pay the filing fee. (*Id.*, PageID #63.)

Based on these representations, the Court **GRANTS** the application to proceed *in forma pauperis*.

## GOVERNING LEGAL STANDARD

A court must screen the complaint of a litigant it permits to proceed *in forma pauperis*. The Court "shall dismiss the case" if it (i) "is frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Actions by non-prisoners must be screened. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Courts construe *pro se* pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis where the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff need not include detailed factual allegations but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**ANALYSIS**

Here, Plaintiff alleges that he legally changed his name, "affixed his national descent name El to his full legal name as required by Act 6 of the Moorish-Science Temple of America Divine Constitution and By-Laws (Jus Soli/ Jus Sanguinis)." (ECF No. 1, ¶ 18, PageID #5.) From there, his allegations and claims against each Defendant relate to his claimed Moorish-American identity. Those arguments continued in federal court where Mr. Pitchford El signed his declaration in support of *in forma pauperis*

status, noting "All Liberties Reserved." (ECF No. 2, PageID #63.) Plaintiff's reliance on sovereign citizen ideology and beliefs makes his federal lawsuit frivolous. They rely on made-up concepts that do not have any weight in the governance of human affairs in our country, let alone in actual litigation. Such arguments are meritless and based on fundamentally mistaken beliefs about history and law. Plaintiff is entitled to believe whatever she likes. But the Court is not obligated to accept those ideas, let alone entertain them. *See generally United States v. Thomas*, 769 F. Supp. 3d 739 (N.D. Ohio 2025).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision may not be taken in good faith.

**SO ORDERED.**

Dated: September 4, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio